(June 8, 1999)

■ KENNETH D. LAUB & COMPANY, INC., Appellant, v BEAR STEARNS COMPANIES, INC., et al., Respondents. [692 NYS2d 30] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 19, 1998, which granted defendants' motions pursuant to CPLR 3211 to dismiss the first and third causes of action (against the Bear Stearns defendants) and the fourth cause of action (against the Koeppel defendants) in the second amended complaint, unanimously modified, on the law, to the extent of denying the Bear Stearns motion for dismissal of the first cause of action for breach of contract, that cause is reinstated, and otherwise affirmed, without costs.

The record discloses that defendant Bear Stearns & Co., in a series of letters, unequivocally declared that it had appointed plaintiff to act as its exclusive agent for the purpose of exploring various real estate options, and that plaintiff, based on these representations, proceeded to expend considerable effort on Bear Stearns' behalf. While it is true that the parties never executed a formal written contract setting forth the amount of plaintiff's compensation, and that a contract, to be enforced, must be "sufficiently certain and specific so that what was promised can be ascertained" (*Martin Delicatessen v Schumacher*, 52 NY2d 105, 109; *see also, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *cert denied* 498 US 816), the presence of a specific price term is not always essential to a binding agreement. "[A] price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future, or contains no computational formula. Where at the time of agreement the parties have manifested their intent to be bound, a price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties; a method for reducing uncertainty to certainty might, for example, be found within the agreement or ascertained by reference to an extrinsic event, commercial practice or trade usage" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, *supra*, at 483; *see also, Metro-Goldwyn-Mayer, Inc. v Scheider*, 40 NY2d 1069, 1070-1071; *Telecommunications Technology Corp. v Deutsche Bank*, 235 AD2d 288).

Plaintiff alleges that the parties agreed its compensation

would be in accordance with customary rates for the industry in general. Accepting that and the other allegations of breach as true, and affording them every possible favorable inference, as we must on a motion to dismiss pursuant to CPLR 3211 (*see, Leon v Martinez*, 84 NY2d 83, 87-88), the complaint sufficiently states a claim for breach of contract. Thus, the claim should not have been dismissed, and we modify to reinstate it.

Plaintiff's fourth cause of action, against the Koeppel defendants for tortious interference with contract, was properly dismissed as barred by the three-year Statute of Limitations (CPLR 214 [4]; *see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 92).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Ellerin, P. J., Tom, Wallach and Saxe, JJ.