■ ABRAMS REALTY CORP., Respondent, v JACK ELO et al., Appellants, et al., Defendants. [717 NYS2d 603] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 28, 1999, which, in an action to recover a real estate brokerage commission, following a nonjury trial, awarded plaintiff the total sum of $412,372.25, unanimously affirmed, with costs.

The trial evidence established that plaintiff broker entered into an agreement with the Elo defendants to act as their "sole broker" for the purchase of the subject property and that plaintiff was in fact the procuring cause of the sale of that property to defendant Jack Elo. Accordingly, plaintiff was entitled to recover a commission for its services (see, Greene v Hellman, 51 NY2d 197, 205-206). The sued upon agreement was not unenforceable for its failure to specify the rate at which plaintiff's commission would be computed since it is clear that plaintiff did not agree to work without compensation and that the parties understood that plaintiff would be compensated at the prevailing, normal and accepted rates (see, Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483, cert denied 498 US 816; Kenneth D. Laub & Co. v Bear Stearns Cos., 262 AD2d 36). The trial court properly rejected defendants' attempt to evade their obligation to pay plaintiff a commission by endeavoring to characterize the transaction pursuant to which the subject property was acquired as nothing more than the assignment of a successful bid (see, Rachmani Corp. v 9 E. 96th St. Apt. Corp., 211 AD2d 262, 269-270). We have considered defendants' remaining arguments and find them unavailing. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Friedman, JJ.