■ C.K. Rehner, Inc., Respondent-Appellant, v Arnell Construction Corp., Appellant-Respondent. [756 NYS2d 608] —In an action to recover damages for breach of contract, the defendant appeals from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered October 18, 2001, as, upon granting the plaintiff's oral application pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, is in favor of the plaintiff and against it in the principal sum of $70,000, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the plaintiff's oral application for judgment as a matter of law pursuant to CPLR 4401 is denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

In the spring of 1990 the New York City School Construction Authority (hereinafter the Construction Authority) awarded the defendant, Arnell Construction Corp., a contract to renovate a high school in Brooklyn. Under the terms of the contract, the Construction Authority assumed the responsibility of procuring general liability and workers' compensation in-

surance coverage for the defendant and all subcontractors working on the project.

It is undisputed that the plaintiff, C.K. Rehner, Inc., successfully bid to become the plumbing subcontractor on the school renovation project, and that its winning bid price was $1,850,000. However, the defendant claims that the plaintiff agreed to reduce its price by the amount it would save because of the Construction Authority's assumption of insurance costs. Although the plaintiff and the defendant never executed a written contract, the plaintiff performed all of the plumbing work required for the renovation project, as well as certain extra work approved by the Construction Authority. After the project was completed, the defendant refused to pay the plaintiff's final invoice, primarily upon the ground that it was entitled to a credit of approximately $65,000, which would reflect the plaintiff's insurance savings.

The plaintiff subsequently commenced this breach of contract action against the defendant seeking, inter alia, to recover payment of its final invoice. At trial, the parties presented conflicting testimony as to whether the plaintiff's president had indeed agreed to give the defendant a credit for the cost of insurance coverage. However, at the close of evidence, the trial court granted the plaintiff's motion for judgment as a matter of law pursuant to CPLR 4401, finding that there was no proof that the plaintiff had agreed to give the defendant a credit for the cost of insurance. The defendant appeals.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the jury could base a finding in favor of the nonmoving party (see *Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). In considering such a motion, the trial court must "afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat, supra* at 556). The motion must be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (see *Noyes v Galen,* 267 AD2d 365 [1999]; *Marrero v 720 DeGraw Funding Corp.,* 199 AD2d 248 [1993]; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366 [1985]).

Here, since the parties offered conflicting evidence as to whether the plaintiff's president agreed to reduce the bid price to reflect the insurance savings, a disputed factual question exists which requires a credibility determination to be made. Ac-

cordingly, it cannot be said that there is no rational process by which the jury could have found for the defendant had the case been submitted to it (*see Fenton v Ives,* 229 AD2d 704 [1996]). Moreover, contrary to the plaintiff's contention, its alleged agreement to give the defendant a credit equal to the sum it would have expended if it had been required to obtain its own workers' compensation and liability insurance is sufficiently definite to be enforceable (*see Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475 [1989], *cert denied* 498 US 816 [1990]; *Abrams Realty Corp. v Elo,* 279 AD2d 261 [2001]; *Laub & Co. v Bear Stearns Cos.,* 262 AD2d 36 [1999]; *Salerno v Leica, Inc.,* 258 AD2d 896 [1999]). Under these circumstances, the Supreme Court improperly directed a verdict in the plaintiff's favor. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.