■ RUDOLFO CAMPOS et al., Appellants, v BROOKLYN UNION GAS COMPANY, INC., Respondent. [793 NYS2d 472]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Knipel, J.), dated September 4, 2003, which granted the defendant's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the complaint, and (2) a judgment of the same court entered December 3, 2003, which, upon the order, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Rodolfo Campos allegedly was injured when he tripped and fell on a patch of asphalt covering an excavation on the walkway outside of his home where a gas pipe had been installed by a nonparty, Hallen Construction Company (hereinafter Hallen). Hallen had been hired by the defendant Brooklyn Union Gas (hereinafter BUG) to install a new gas line to the plaintiff's home and to lay the asphalt over the excavation site thereafter.

At the close of the evidence at trial, the trial court granted BUG's motion pursuant to CPLR 4401 finding, as a matter of law, that Hallen was an independent contractor and that none of the exceptions applied to the general rule that an employer is not liable for the negligent act of an independent contractor. We reverse.

We agree that, as a matter of law, Hallen was an independent contractor. However, there was evidence at trial that BUG was involved in the work of its independent contractor, albeit to a limited extent. The amount and nature of its involvement presented a fair jury question of whether an exception applies to the general rule that an employer has no liability for the negligent acts of its independent contractor (*see Wright v Esplanade Gardens*, 150 AD2d 197, 198 [1989]). BUG's witness,

Christopher Parke, described its relationship with Hallen, the materials BUG supplied, and the spot checks that it made of Hallen's work. Mr. Parke testified that had he seen this particular excavation site, he would have advised Hallen to place more asphalt on the top of the fill where the plaintiff fell.

In assessing whether the motion should be granted, the court was required to determine whether a jury could find by any rational process that an exception applied to the employer's immunity for the negligent acts of its independent contractor (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *C.K. Rehner, Inc. v Arnell Constr. Corp.*, 303 AD2d 439, 440 [2003]). On the record before us, although there is evidence against finding an exception to this independent contractor rule, we are unable to say as a matter of law that a rational fact-finder could not find to the contrary (*see Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556, 557 [2003]). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.