■ DIANE ROBINSON, Appellant, v 211-11 NORTHERN, LLC, Respondent. [847 NYS2d 599]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated August 9, 2006, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion

is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

At the trial of this slip-and-fall case, the plaintiff adduced evidence that she slipped in a puddle of water at her place of employment, which was located on the top floor of a building owned by the defendant. After the fall, the plaintiff's left side was "all wet," and she noticed a stain on the ceiling directly above the area where the water had pooled. The plaintiff also testified that she had observed a leak in the same location approximately one year earlier. A coworker who witnessed the accident corroborated the presence of water on the floor in the area, and testified that she observed water dripping from a light fixture on the ceiling just minutes before the accident. The coworker also testified that she had observed a leak in the same area of the ceiling a few months earlier and had advised the defendant about it. It was undisputed that the defendant was responsible for maintaining the roof of the building, and had received a prior complaint about a leak in a different area of the roof approximately five months prior to the accident. The plaintiff also tendered evidence that nearly four inches of rain had fallen in the three days immediately preceding the accident.

At the close of the plaintiff's case, the trial court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law. We reverse.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party . . . In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997] [citation omitted]). Applying this standard, the evidence here, viewed in the light most favorable to the plaintiff, was sufficient to make out a prima facie case of negligence against the defendant. Accordingly, the Supreme Court erred in granting the defendant's motion for judgment as a matter of law (*see* CPLR 4401).

Moreover, as there must be a new trial, we note that the trial court improperly precluded the plaintiff from offering proof of a recent ceiling leak in another part of the premises to establish that the roof of the building was in a state of disrepair, and from offering proof that pipes in the ceiling were not the source

of the subject leak (*see Dukes v 800 Grand Concourse Owners*, 198 AD2d 13, 14 [1993]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.