■ CHRISTOPHER JOHNSON, Appellant, v JEFFREY WHITE, Respondent. [925 NYS2d 857]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated April 27, 2010, which, upon an order of the same court dated February 17, 2010, denying his motion, inter alia, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against him on the issue of liability as contrary to the weight of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly permitted the issue of intoxication to be raised at trial. The evidence of the plaintiff's intoxication consisted of a police officer's personal observations of the plaintiff about an hour before the subject accident and testimony by the plaintiff's companion as to drinks the plaintiff consumed in the hours leading up to the accident. Such evidence was relevant to the

questions of negligence and comparative negligence, and was more probative than prejudicial. The Supreme Court did not err in charging the jury as to intoxication, as there was adequate evidence to support that charge (*see* PJI 2:45; *Cona v Dwyer*, 292 AD2d 562, 563 [2002]).

The Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence. The verdict was supported by a fair interpretation of the evidence and was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Bermudez v New York City Bd. of Educ.*, 83 AD3d 878 [2011]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]).

The plaintiff's remaining contention with respect to the jury charge is without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.