■ PAS TECHNOLOGY SERVICES, INC., Appellant, v MIDDLE VILLAGE HEALTHCARE MANAGEMENT, LLC, et al., Respondents. [939 NYS2d 85]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, PAS Technology Services, Inc. (hereinafter PAS), entered into three contracts, each dated April 5, 2005, with the defendant Middle Village Healthcare Management, LLC (hereinafter MVHM). Pursuant to an asset purchase agreement, PAS agreed to sell MVHM certain assets of a medical imaging office located in Rego Park, Queens. Pursuant to a consulting agreement, PAS agreed to provide MVHM up to 10 hours per month of consulting services with regard to the operations of the medical imaging office in exchange for annual compensation of $111,000 for the first three years and $275,000 for the last three years. Pursuant to a marketing agreement, PAS agreed to provide MVHM with marketing services in exchange for compensation of $100,000 per year. The marketing agreement contained a provision for a performance incentive payment of up to $50,000 annually based on an increase in business for the Rego Park medical imaging office. The marketing agreement also contained provisions for reimbursement of PAS's expenses and the health care premiums for Rajiv Rudra, PAS's general manager. The defendant Middle Village Diagnostic Imaging, P.C. (hereinafter MVDI), executed a guaranty, whereby it guaranteed MVHM's obligations under the consulting and marketing agreements.

MVHM allegedly made only partial payment under the asset purchase agreement. MVHM also allegedly failed to make payments pursuant to the asset purchase agreement on its assumption of a lease for a DEXA scanner, which measures calcium content in bones. On July 24, 2006, MVHM terminated the marketing agreement due to PAS's alleged violation of that agreement's restrictive covenant. MVHM allegedly stopped making regular payments under the consulting agreement, and as of early 2008, completely ceased making payments under the marketing agreement.

PAS commenced this action alleging that the defendants

breached the agreements. Thereafter, by order dated July 8, 2010, the Supreme Court, inter alia, granted that branch of PAS's motion which was for summary judgment dismissing the defendants' counterclaims to the extent that they asserted that PAS violated the restrictive covenants in the asset purchase, consulting, and marketing agreements. At the close of PAS's case at a nonjury trial, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that PAS failed to prove all of the elements of its breach of contract causes of action. By order dated September 17, 2010, the Supreme Court granted the motion and, upon the order, a judgment was entered dismissing the complaint. PAS appeals.

"A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party" (*C.K. Rehner, Inc. v Arnell Constr. Corp.*, 303 AD2d 439, 440 [2003]; *see Robinson v 211-11 N., LLC*, 46 AD3d 657, 658 [2007]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Robinson v 211-11 N., LLC*, 46 AD3d at 658, quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Giving PAS the benefit of every reasonable inference to be drawn from the evidence presented, there was a rational basis upon which the Supreme Court could have concluded that PAS performed under the consulting and marketing agreements prior to MVHM's breach of these agreements (*see Campbell v Silver Huntington Enters.*, 288 AD2d 416 [2001]). Moreover, on the evidence that PAS presented, the Supreme Court could have rationally concluded that MVHM breached the relevant agreements. PAS presented evidence that MVHM breached the asset purchase agreement when it paid only $112,000 of the $142,000 due thereunder and failed to make the monthly payments of $975 under the lease for the DEXA scanner. PAS also provided evidence that MVHM breached the marketing and consulting agreements when it ceased making required payments thereunder (*see Paterno & Sons v Town of New Windsor*, 43 AD2d 863, 864 [1974]), as well as when it terminated the marketing agreement because of PAS's alleged violation of that agreement's restrictive covenant.

Contrary to the defendants' contention, PAS provided evidence of the specific damages it sustained. PAS provided evi-

dence that it was not paid $30,000 due under the asset purchase agreement, and was not paid regularly under the lease for the DEXA scanner. As to the consulting and marketing agreements, PAS provided evidence that MVHM stopped making the required periodic payments under these agreements. PAS had difficulty demonstrating what MVHM had and had not paid under the three agreements, as many of these payments allegedly were grouped together. Nevertheless, the specific damages allegedly owed to PAS can be ascertained by the Supreme Court by subtracting the sum total paid to the plaintiff from the sum total the defendants owed under these agreements.

However, the Supreme Court properly dismissed so much of the third cause of action as sought damages for expenses and health care premiums, as PAS failed to establish, prima facie, its entitlement to those damages. Therefore, the Supreme Court should not include expenses or health care premiums when computing any amount owed by MVHM.

Regarding the performance incentive provision contained in the marketing agreement, generally, there is no enforceable right to compensation under a discretionary compensation or bonus plan (see Namad v Salomon Inc., 74 NY2d 751, 753 [1989]). Here, however, PAS submitted sufficient evidence showing that the defendants breached this provision when they failed to meet with one of PAS's representatives before April 15, 2005, and establish a formula for the incentive payment. Since compliance with this provision was not discretionary, the Supreme Court could rationally conclude that PAS was entitled to the performance incentive for the duration of the marketing agreement. Dillon, J.P., Eng, Austin and Miller, JJ., concur.