In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated October 4, 2011, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict finding that the defendants were negligent, but that their negligence was not a substantial factor in causing the subject accident, as contrary to the weight of the evidence and for a new trial.
Ordered that the order is affirmed, with costs.
On June 10, 2008, the plaintiff allegedly was injured at the Drunken Monkey Bar and Grill when she fell down after being struck in the back by a closing metal door. The jury determined that the defendants were negligent in failing to keep the door in *989 a reasonably safe condition, but that their negligence was not a substantial factor in causing the plaintiffs fall. The Supreme Court denied the plaintiffs motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]). “A jury’s finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause” (Garrett v Manaser, 8 AD3d 616, 617 [2004]; see Das v Costco Wholesale Corp., 98 AD3d 712 [2012]). Here, the jury’s verdict that the defendants were negligent but that their negligence was not a proximate cause of the accident was not contrary to the weight of the evidence (see Rubin v Pecoraro, 141 AD2d 525 [1988]). Accordingly, the Supreme Court properly denied the plaintiffs motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
The plaintiffs remaining contentions are not properly before this Court. Dillon, J.P., Chambers, Austin and Roman, JJ., concur.