In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered November 10, 2011, which, upon a jury verdict on the issue of liability finding the defendants 100% at fault in the happening of the accident, a jury verdict on the issue of damages awarding her no damages, and the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages, is in favor of the defendants and against her dismissing the complaint.
Ordered that the judgment is affirmed, with costs.
The plaintiff, who was then 31 years old, slipped and fell on premises owned by the defendants, and commenced this action to recover damages for alleged injuries to her lower back. Following a jury verdict against the defendants on the issue of liability, the parties proceeded to a trial on the issue of damages. At the damages trial the plaintiff testified that she had experienced, and been treated for, pain in her lower back since she was 16 years old, but the pain had become more intense and constant after the accident. The plaintiffs expert testified that the fall had aggravated the plaintiffs preexisting condition. For the defense, a radiologist who reviewed the MRI films of the plaintiff’s back taken after the accident testified that the plaintiffs condition could not have been caused by an acute event such as a fall, and was instead the result of the plaintiffs preexisting degenerative disc disease. An orthopedic surgeon called by the defendants testified that the accident aggravated the preexisting degenerative changes in the plaintiffs back, but that the plaintiff had “no radicular symptoms” as a result of the accident. The jury awarded the plaintiff no damages.
*844 A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d 1006, 1006-1007 [2010]). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Lopreiato v Scotti, 101 AD3d 829 [2012]; Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983 [2012]; Salony v Mastellone, 72 AD3d 1060, 1061 [2010]).
Here, a fair interpretation of the evidence supported the jury’s determination (see Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983 [2012]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d at 1006-1007; Salony v Mastellone, 72 AD3d at 1061). While the plaintiff correctly notes that the orthopedic surgeon called by the defendants testified that the subject accident aggravated the preexisting degenerative changes in the plaintiffs back, in light of the conflicting expert testimony at trial, the jury could accept or reject the testimony of a particular expert (see Alston v Sunharbor Manor, LLC, 48 AD3d 600, 602 [2008]; Ross v Mandeville, 45 AD3d 755, 757 [2007]; Ventriglio v Active Airport Serv., 234 AD2d 451, 453 [1996]).
The plaintiff failed to timely submit a supplemental bill of particulars (see CPLR 3043 [b]). Accordingly, the Supreme Court did not improvidently exercise its discretion in precluding the admission of additional claims of damages at trial (see Salgado v Town Sports Intl., 73 AD3d 898, 899 [2010]; Pauling v Glickman, 232 AD2d 465, 466 [1996]).
The Supreme Court did not improvidently exercised its discretion in precluding the plaintiff’s counsel from questioning a defense expert witness about a collateral matter which had no relevance to any issue in the case (see Perkins v Murphy, 7 AD3d 500, 500-501 [2004]; Prendergast v Patel, 301 AD2d 508, 509 [2003]; cf. Castillo v 62-25 30th Ave. Realty, LLC, 74 AD3d 1116 [2010]; Platovsky v City of New York, 275 AD2d 699, 700 [2000]). Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.