In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (McDonald, J.), entered June 21, 2011, which, upon a jury verdict in favor of the defendants and against her, and upon the denial of her oral application pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against her dismissing the complaint.
Ordered that the judgment is affirmed, with costs.
On May 14, 2008, the plaintiff allegedly was injured when she fell while exiting a bus owned and operated by the defendants. After trial, the jury found that the defendants were negligent, but that their negligence was not a substantial factor in causing the plaintiff’s fall. Thereafter, the Supreme Court denied the plaintiff’s oral application pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
A jury verdict should only be set aside as against the weight of the evidence when the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]; Dellamonica v Carvel Corp., 1 AD3d 311 [2003]; Bendersky v M & O Enters. Corp., 299 AD2d 434, 435 [2002]; Nicastro v Park, 113 AD2d 129, 134 [1985]). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Doran v McNulty, 107 AD3d 843, 844 [2013]). “A jury’s finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause” (Garrett v Manaser, 8 AD3d 616, 617 [2004]; see Spero v Awasthi Ltd. Partners, 106 AD3d 988, 989 [2013]). Here, contrary to the plaintiff’s contention, the jury’s verdict that the defendants were negligent but that their negligence was not a proximate cause of the accident was not contrary to the weight of the evidence (see Spero v Awasthi Ltd. Partners, 106 AD3d at 989; Rubin v Pecoraro, 141 AD2d 525 [1988]). Accordingly, the Supreme Court properly denied the plaintiffs oral application *1048 pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
The plaintiffs remaining contention is without merit. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.