■ Zbigniew Sliwowski et al., Appellants, v City of New York, Respondent. (And a Third-Party Action.) [978 NYS2d 890]—

A jury verdict should only be set aside as against the weight of the evidence when the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745 [1995]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Niebles v MTA Bus Co.*, 110 AD3d 1047, 1047 [2013]; *Spero v Awasthi Ltd. Partners*, 106 AD3d 988, 989 [2013]).

Here, contrary to the plaintiffs' contention, they failed to demonstrate that the issues of negligence and proximate cause were so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see generally Niebles v MTA Bus Co.*, 110 AD3d at 1047; *Spero v Awasthi Ltd. Partners*, 106 AD3d at 989). Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.

The plaintiffs' remaining contentions have been rendered academic by our determination, are without merit, or are not properly before this Court. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.