■ Richard Ruggiero, Appellant, v Thomas Weth, Respondent. [996 NYS2d 670]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Bruno, J.), dated May 8, 2013, which, upon the denial of his motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on the issue of liability, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly denied his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party (*see PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC*, 92 AD3d 742 [2012]; *Robinson v 211-11 N., LLC*, 46 AD3d 657, 658 [2007]; *C.K. Rehner, Inc. v Arnell Constr. Corp.*, 303 AD2d 439, 440 [2003]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Robinson v 211-11 N., LLC*, 46 AD3d at 658, quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, viewing the evidence in the light most favorable to the defendant, a rational process existed by which the jury could find that, although he was negligent, his negligence was not a substantial factor in causing the accident.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Scalogna v Osipov*, 117 AD3d 934 [2014]; *Crooks v E. Peters, LLC*, 103

AD3d 828, 829 [2013]; *Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Sliwowski v City of New York*, 113 AD3d 749 [2014]; *Niebles v MTA Bus Co.*, 110 AD3d 1047, 1047 [2013]; *Spero v Awasthi Ltd. Partners*, 106 AD3d 988, 989 [2013]). Here, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. A fair interpretation of the evidence supported the jury's determination that the plaintiff's actions were the sole proximate cause of the accident (*see Doubrovinskaya v Dembitzer*, 77 AD3d 609 [2010]).

Contrary to the plaintiff's contentions, the Supreme Court did not err in charging the jury on Motor Vehicle Accidents—Sudden Stopping, set forth in PJI 2:83, as there was adequate evidence to support that charge (*see generally Johnson v White*, 85 AD3d 977 [2011]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.