■ ATLAS NEW YORK LIMITED LIABILITY COMPANY, Doing Business as ATLAS REAL ESTATE NEW YORK, Respondent, v MICHAEL EISENBERG et al., Appellants. [52 NYS3d 630]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 27, 2016, which, to the extent appealed from, denied defendants' motion to dismiss the cause of action for breach of contract pursuant to CPLR 3211 (a) (3) and (7), unanimously affirmed, without costs.

Plaintiff, which lacked a real estate brokerage license in its own name, had the capacity to commence this action to recover for unpaid brokerage services pursuant to brokerage agreements "made for its benefit in its assumed name" (see Mail & Express Co., Inc. v Parker Axles, Inc., 204 App Div 327, 329 [1st Dept 1923]; Real Property Law § 442-d). The record supports the motion court's finding that plaintiff, whose principal was a licensed real estate broker, properly applied for a real estate license to conduct its real estate brokerage business under the assumed name, which it also properly registered with the New York State Department of State. We take judicial notice that the Department of State authorizes a real estate brokerage limited liability company to do business under an assumed name, as can be seen on the Real Estate Broker Application form available from the Division of Licensing Services (see https://www.dos.ny.gov/forms/licensing/0036-a-f.pdf at 11).

The compensation terms in the brokerage agreements, which include stated commission percentages in relation to rental amounts agreed to, are sufficiently definite to convey "what was promised" (see Kenneth D. Laub & Co. v Bear Stearns Cos., 262 AD2d 36, 36 [1st Dept 1999] [internal quotation marks omitted]; Abrams Realty Corp. v Elo, 279 AD2d 261 [1st Dept 2001], lv denied 96 NY2d 715 [2001]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.