Boriello v Loconte (2020 NY Slip Op 02035)





Boriello v Loconte


2020 NY Slip Op 02035


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-02449 
2017-03378
 (Index No. 503180/13)

[*1]Dorine Boriello, etc., appellant,
v
Michael Loconte, etc., et al., respondents.


Thomas Torto, New York, NY, for appellant.
Chiesa Shahinian & Giantomasi P.C., New York, NY (Scott C. Hollander of counsel), for respondents.



DECISION & ORDER
In a derivative action commenced by the plaintiff, Dorinne Boriello, individually and on behalf of Caterina Realty, LLC, to recover damages for breach of fiduciary duty, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 7, 2017, and (2) an order of the same court dated April 3, 2017. The order and judgment, upon a decision dated August 16, 2016, granted the defendants' motion pursuant to CPLR 4401 for a directed verdict, dismissed the amended complaint with prejudice, and entered judgment in favor of the defendants. The order denied the plaintiff's motion pursuant to CPLR 4404(b) to set aside the determination in favor of the defendants.
ORDERED that the order and judgment is reversed, on the law, the defendants' motion pursuant to CPLR 4401 for a directed verdict is denied, the amended complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial; and it is further,
ORDERED that the appeal from the order is dismissed as academic; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, Dorine Boriello, and the three individual defendants (hereinafter collectively the defendants) are siblings involved in a dispute involving two family businesses partially owned by each of the four siblings. One business, Jersey Lynne Farms, Inc. (hereinafter JLF), is a closely held corporation engaged in the wholesale food distribution business. The other business, Caterina Realty, LLC (hereinafter Caterina), is a limited liability company which owns a warehouse in Brooklyn. Caterina leases the warehouse to JLF. In 2011, the defendants terminated the employment of the plaintiff and her husband with JLF, and removed the plaintiff as a director of JLF. Thereafter, the corporate counsel for both Caterina and JLF advised the defendants that they should amend the lease between Caterina and JLF to ensure that JLF was paying fair-market rent. Counsel advised them to obtain an independent, certified appraisal to determine fair-market rent.
The defendants, over the plaintiff's objections, retained a firm which their family had [*2]used in the past and adopted the firm's valuation of fair-market rent for the property. The plaintiff asserted that the fair-market rent was actually much higher, and that the lease should be a triple-net lease. Despite being informed that she could obtain her own appraisal for consideration, the plaintiff failed to do so because the defendants would not approve of Caterina paying for a second appraisal. Over the plaintiff's objection, the defendants, as managing members of Caterina, voted to enter into a new lease with JLF paying annual rent in the amount valued by the firm.
The plaintiff commenced this action, individually and on behalf of Caterina, alleging that the defendants breached their fiduciary duty to Caterina. At a nonjury trial, the plaintiff testified, and presented the testimony of an appraiser. After the defendants presented the testimony of their appraiser out of order and the plaintiff had rested, the defendants moved pursuant to CPLR 4401 for a directed verdict. The Supreme Court granted the defendants' motion for a directed verdict, determining that no trier of fact could find that the defendants breached their fiduciary duties as members and managers of Caterina. By order and judgment (one paper) dated March 7, 2017, the court granted the defendants' motion for a directed verdict and entered judgment in favor of the defendants dismissing the amended complaint with prejudice. In an order dated April 3, 2017, the court denied the plaintiff's motion pursuant to CPLR 4404(b) to set aside the prior determination. The plaintiff appeals.
" A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party'" (PAS Tech. Servs. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d 742, 744, quoting C.K. Rehner, Inc. v Arnell Constr. Corp., 303 AD2d 439, 440). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in light most favorable to the nonmovant'" (PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d at 744, quoting Robinson v 211-11N., LLC, 46 AD3d 657, 658).
Here, the Supreme Court, in announcing its decision, stated that it expressly considered and relied on the defendants' evidence. This was error, as it was improper for the court to consider, on a motion for a directed verdict made before the moving party had rested and the opposing party had an opportunity to present rebuttal evidence, the evidence introduced by the moving party (see Levine v Charlow, 254 App Div 416, 418; Dillon v Cortland Baking Co., 224 App Div 303, 305).
Thus, in the context of a motion for a directed verdict, the Supreme Court should not have accorded the defendants' expert's testimony more weight than that of the plaintiff's expert. In determining a motion for a directed verdict, the trial court "must not engage in a weighing of the evidence, nor may it direct a verdict where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question" (Hernandez v Pappco Holding Co., Ltd., 136 AD3d 981, 983 [internal quotation marks omitted]; see Matter of David WW. v Laureen QQ., 42 AD3d 685, 686). Accordingly, the judgment must be reversed, the defendants' motion for a directed verdict denied, the amended complaint reinstated, and the matter remitted to the Supreme Court, Kings County, for a new trial.
In light of our determination, we dismiss the plaintiff's appeal from the order as academic. We need not consider the parties' remaining contentions, as they also have been rendered academic in light of our determination.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court