S.A.R.L. Galerie Enrico Navarra v Marlborough Gallery Inc. (2021 NY Slip Op 02884)





S.A.R.L. Galerie Enrico Navarra v Marlborough Gallery Inc.


2021 NY Slip Op 02884


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 153934/19 Appeal No. 13772&M-1213 Case No. 2020-03990 

[*1]S.A.R.L. Galerie Enrico Navarra, Plaintiff-Respondent,
v
Marlborough Gallery Inc. et al., Defendants-Appellants.


Rottenberg Lipman Rich, P.C., New York (Richard E. Rosberger of counsel), for appellants.
Wallison & Wallison LLP, New York (Jeremy Wallison of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 21, 2020, which denied defendants' motion for summary judgment dismissing the complaint on statute of limitations grounds, unanimously affirmed, with costs.
This contractual dispute arises from a 2003 production agreement in which plaintiff alleges that it contracted with artist Chu Teh-Chun (Chu) for the production of limited edition plates. Pursuant to the agreement, Chu was to create 24 plate designs, and plaintiff was to publish a catalogue to help promote the plates to the public, pay for the costs of the design and production of the plates, as well as for advanced royalties to Chu based on certain agreed minimum public prices for the plates. In exchange for the parties' respective contributions, plaintiff was to receive ownership and the right to sell 816 of the plates.
Chu completed the 24 designs between 2004 and 2006 in accordance with the production agreement. However, plaintiff alleges that, in 2007, defendants attempted to interfere with the production agreement by getting Chu to publicly disavow the authenticity of the plates. Specifically, in February 2007 Chu sent a cease and desist letter to plaintiff alleging that it breached the production agreement, and, in April 2007, Chu commenced a French lawsuit alleging such against plaintiff (collectively the 2007 acts).
Thereafter, in May 2008, after plaintiff arranged for the plates to be shown at Christie's Hong Kong, Chu's lawyer sent an email to Christie's Hong Kong, apprising it of the pending French Lawsuit, and claiming that Chu had "never given written authorization to reproduce" the ceramics to be sold and had "the greatest reservations about the authenticity of the ceramics at present in circulation," and demanding that it withdraw the plates from sale. Later that year, in October 2008, an advertisement in the Journal des Arts also broadcasted to the public that the plates were not authentic (collectively the 2008 acts).
In 2010 plaintiff sued in federal court, alleging, among other things, that defendants participated in the above acts in an attempt to monopolize the market for Chu's ceramics. After defendants moved to dismiss on statute of limitations grounds, among others, the District Court found that "[t]he parties to the [agreement] do not appear to have treated the cease-and-desist letter or the lawsuit as a breach. Third parties continued to sell [p]laintiffs' [p]lates, and Chu did not object to these sales; in fact, he continued to cash the royalty checks sent by [p]laintiffs . . . These actions suggest a lack of breach (and thus non-accrual of [p]laintiffs' claims) because 'repudiation . . . followed by continued performance . . . amounts to a retraction of any repudiation'" (S.A.R.L. Galerie Enrico Navarra v Marlborough Gallery, Inc., 2013 WL 1234937, *8, 2013 US Dist LEXIS 42548, *26 [SD NY 2013] [internal quotation marks and citations omitted]). After the Second Circuit reversed [*2]the District Court's dismissal of the action on other grounds, the District Court declined to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff refiled its complaint in New York State court in 2019.
Defendants moved to dismiss the complaint, contending that the tortious interference claims were barred by the three year statute of limitations since the claims accrued after the 2007 acts. In opposition, plaintiff argued that the claims were timely because they accrued upon the 2008 acts. Supreme Court denied the motion, finding an issue of fact remains as to whether the claims accrued upon the 2007 or the 2008 acts. Defendants appeal. We affirm.
The claims for tortious interference with contract and aiding and abetting tortious interference with contract, which it is undisputed relate back to the federal action filed in October 2010 (see CPLR 205[a]), may be timely under the three-year statute of limitations (see CPLR 214[4]; Kenneth D. Laub & Co. v Bear Stearns Cos., 262 AD2d 36, 37 [1st Dept 1999]; Pomerance v McGrath, 124 AD3d 481, 484 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]). We agree with Supreme Court that there is a question of fact as to when the claims accrued. As noted by the District Court, despite the 2007 acts, the parties continued to perform their obligations under the contract, and plaintiff's contractual right to sell the Chu ceramic plates was merely suspended or put on hold while awaiting the outcome of the French lawsuit. The record supports plaintiff's argument that it suffered damages by the 2008 acts when it was deprived of its contractual rights to sell the plates (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94
[1993]).
We have considered defendants' remaining arguments and find them unavailing.
M-1213 — S.A.R.L. Galerie Enrico Navarra v Marlborough Gallery Inc.
Motion to dismiss the appeal, or, alternatively, to adjourn and hold the appeal in abeyance denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021