Jing Yu v Allstate Ins. Co. (2022 NY Slip Op 05079)

Jing Yu v Allstate Ins. Co.

2022 NY Slip Op 05079

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-12451
 (Index No. 713475/16)

[*1]Jing Yu, appellant, 
v
Allstate Insurance Company, et al., respondents.

Craig A. Blumberg, New York, NY (Michael P. Lagnado of counsel), for appellant.
Feldman Rudy Kirby & Farquharson, P.C., Jericho, NY (Gerald F. Kirby of counsel), for respondent Allstate Insurance Company.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Sade A. Forte, Joseph L. Francoeur, and Judy C. Selmeci of counsel), for respondent Better Choice Agency, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Salvatore Modica, J.), entered October 2, 2019. The judgment, after a nonjury trial, upon the granting of those branches of the motion of the defendant Allstate Insurance Company pursuant to CPLR 4401, made at the close of the plaintiff's case, which were for judgment as a matter of law dismissing the first, fifth, and sixth causes of action, and the granting of the separate motion of the defendant Better Choice Agency, Inc., pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the third and fourth causes of action, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with one bill of costs.
On August 12, 2016, the plaintiff's real property in Elmhurst was damaged by fire. Thereafter, the plaintiff submitted a claim to her insurer, Allstate Insurance Company (hereinafter Allstate). Allstate disclaimed coverage on the ground that the plaintiff was not residing at the property at the time of the fire, and thus, the plaintiff's claim was not covered under the subject homeowner's insurance policy. In November 2016, the plaintiff commenced this action against Allstate and its agent, Better Choice Agency, Inc. (hereinafter Better Choice), alleging, inter alia, that Allstate was equitably estopped from disclaiming coverage, and that Better Choice negligently failed to secure adequate coverage for the property and breached an agreement to secure coverage. The case then proceeded to a nonjury trial. At the close of the plaintiff's case, the defendants each moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions with respect to all causes of action except the second cause of action, alleging equitable estoppel. Following the close of the trial, the court found that the plaintiff failed to establish that Allstate should be equitably estopped from [*2]disclaiming coverage. In a judgment entered October 2, 2019, the court dismissed the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly determined that Allstate should not be equitably estopped from denying coverage. To establish equitable estoppel, the plaintiff was required to prove that her reliance upon the words or actions of Allstate was "justifiable," and that she prejudicially changed her position in consequence of such reliance (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d 567, 570). Here, the plaintiff failed to demonstrate that she justifiably relied on any actions or statements made by Allstate or Better Choice in light of the express language in the insurance policy that the terms and provisions of the policy could not be waived or changed except by an endorsement (see Matter of Geico Ins. Co. v Silverio, 171 AD3d 924, 925; Ferber v Farm Family Cas. Ins. Co., 272 AD2d 747, 749-750; Bank of N.Y. v Spring Glen Assoc., 222 AD2d 992, 994; Chadirjian v Kanian, 123 AD2d 596, 597).
Furthermore, the Supreme Court properly granted those branches of Allstate's motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the first, fifth, and sixth causes of action, and properly granted Better Choice's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the third and fourth causes of action. "'A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party'" (Boriello v Loconte, 181 AD3d 856, 857-858, quoting PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d 742, 744 [internal quotation marks omitted]). "'In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Boriello v Loconte, 181 AD3d at 858, quoting PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d at 744 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the Supreme Court could find that Better Choice negligently failed to secure adequate coverage, since the evidence demonstrated that the plaintiff did not specifically request coverage for the property other than owner-occupied coverage (see Waknin v Liberty Ins. Corp., 187 AD3d 821; Hefty v Paul Seymour Ins. Agency, 163 AD3d 1376, 1378; Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 647), and that no special relationship existed between the parties (see Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1904; Joseph v Interboro Ins. Co., 144 AD3d 1105, 1108). Further, the plaintiff failed to present any evidence showing the existence of an agreement for Better Choice to provide coverage for the property other than owner-occupied coverage, and thus, there was no rational process by which the court could find that Better Choice breached such an agreement.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly dismissed the complaint.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court