| |
|---|
| **Dabas v Whyne** |
| 2023 NY Slip Op 34546(U) |
| December 27, 2023 |
| Supreme Court, Kings County |
| Docket Number: Index No. 3719/2013 |
| Judge: Delores J. Thomas |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an I.A.S. Trial Term, Part 11 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 27th day of December, 2023.

P R E S E N T :

HON. DELORES J. THOMAS, J.S.C.

-----------------------------------------------------------------X

THERESE DABAS,

                            Plaintiff,

- against -

DELORIS WHYNE,

                           Defendant.

-----------------------------------------------------------------X

Index No.: 3719/2013

**DECISION AFTER TRIAL**

**APPEARANCES:**

<table>
<tr><td><strong>CANNATA HENDELE & CANNATA, LLP</strong><br>By: Alison Cannata Hendele, Esq.<br><em>Attorney for Plaintiff</em><br>60 East 42nd Street, Suite 932<br>New York, New York 10165</td><td><strong>KERNER & KERNER, P.C.</strong><br>By: Kenneth T. Kerner, Esq.<br><em>Attorney for Defendant</em><br>15 Maiden Lane, Suite 1008<br>New York, NY 10038</td></tr>
</table>

This is an action for personal injuries. At the close of plaintiff's case, defendant Deloris Whyne, moves for an order, pursuant to CPLR § 4401, for judgement as a matter of law on the grounds that Plaintiff failed to prove a prima facie case against her. This motion is opposed by plaintiff.

**Background**

This action arose out of an accident that occurred on April 20, 2010. Plaintiff alleged she was walking past 9229 Foster Avenue in Brooklyn, New York ("the property"), when she tripped

[* 1]

over a sidewalk defect that caused her to fall onto the sidewalk and injure her right shoulder. The property generates income for the defendant, who does not reside there. Plaintiff contends the defendant failed to keep the property in a reasonably safe condition was aware of the defect on the defendant's property yet failed to keep the property in a reasonably safe condition even though she was aware of the defect on the property's sidewalk.

Plaintiff testified Plaintiff was walking home at approximately 1:30 pm on a nice-weather day when her toe tripped on something. The trip caused her to fall forward. She tried to break the fall by sticking out her right arm. She landed on her right hand and right knee. While on the ground she noticed a crack on the sidewalk. Plaintiff did not measure the crack in the sidewalk but determined the crack was more than an inch. Plaintiff avers nothing else could have caused the accident. That there was not any garbage, debris, moisture, leaves, ice, branches or anything that could have caused her to trip and fall. After laying on the ground for a few minutes, the plaintiff got up. Plaintiff saw blood on her knee and called 911.

**Discussion**

"'A motion for judgement as a matter of law pursuant to CPLR § 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party'" (*Boriello v Loconte*, 181 AD3d 856, 857 [2d Dept. 2020] quoting *PAS Tech. Servs. V Middle Vil. Healthcare Mgt., LLC*, 92 AD3d 742, 744 [2d Dept. 2012]). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (*Boriello v Loconte*, 181 AD3d 856, 857 [2d Dept. 2020] quoting *PAS Tech. Servs. v Middle Vil. Healthcare Mgt., LLC*, 92 AD3d 742, 744 [2d Dept. 2012]).

[* 2]

As a general rule, "the issue of whether a dangerous or defection condition exists depends on the facts of each case and is a question of fact for the jury" (*Palladino v City of New York*, 127 AD3d 708, 709 [2d Dept 2015]). "However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, not constituting a trap or a nuisance, upon which a pedestrian might merely stumble, stub his or her toes, or trip" (*Speredowich v Long Island Rail Road Company*, 164 AD3d 855 [2d Dept 2018]). "There is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 665 NYS2d 615 [1997]). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*id.*). "[A] small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperil[s] the safety of a pedestrian" (*Hutchinson v Sheridan Hill House Corp.*, 19 NYS3d 802 [2015]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Melia v 50 Court Street Associates*, 153 AD3d 703 [2d Dept 2017]).

Here, Plaintiff testified that she hit her toe on the sidewalk defect outside of defendant's property and it caused her to fall (8/8/23 tr at 20). Plaintiff had traversed over the sidewalk defect every day (8/8/23 tr at 26). She did not think it was a big crack when she walked (8/8/23 tr at 26). Plaintiff stated that the sidewalk defect was more than an inch (8/8/23 tr at 22, 85). Plaintiff entered three photos of the sidewalk defect into evidence (pl. ex. 2 - 4). After accepting the plaintiff's evidence as true and affording her every favorable inference which may be properly drawn from

[* 3]

the facts presented, the court finds that the sidewalk defect that caused the plaintiff to trip and fall was trivial as a matter of law and, therefore, not actionable.

Accordingly, it is hereby ORDERED that defendant's motion for judgment as a matter of law is granted; and it is further

ORDERED that plaintiff's action is dismissed.

Any issue raised and not specifically addressed by this decision/order is denied.

This constitutes the decision and order of the Court.

E N T E R :

_____

HON. DELORES J. THOMAS, J.S.C.

[* 4]