■ LAWRENCE SNEDIKER et al., Respondents, v COUNTY OF ORANGE, Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., the County of Orange appeals from an order of the Supreme Court, Orange County (Ferraro, J.), dated November 25, 1981, which granted plaintiffs' motion to set aside a jury verdict rendered on the issue of liability and to vacate a stipulation of settlement entered into by plaintiffs and defendant Ryerson, and directed a new trial. Order reversed, without costs or disbursements, motion denied and the verdict and the stipulation are reinstated. Just before the court began its session on September 4, 1981, juror No. 6 mentioned to the Trial Judge (while both were in the corridor of the courthouse) that he had a problem with respect to picking up his young children at Kennedy Airport that afternoon. The Judge told the juror not to worry, and to get in touch with him. The matter then slipped the Judge's mind. No attorneys were present during this brief colloquy. When court convened, the Judge charged the jury as to the alleged liability of the county and defendant Ryerson. The jury was sent to deliberate at midmorning and the jurors were served lunch in the jury room. At some point during deliberations a message was delivered to juror No. 6 that his wife had telephoned. He was advised that he could not return the call until the deliberations were completed. During the afternoon, it came to the Judge's attention that juror No. 6's wife was calling about the problem of meeting the children. The Judge then began making arrangements to have someone meet the children so that deliberations need not be interrupted. Almost simultaneously, the jury advised that it had reached a verdict. By vote of 5 to 1 the jury found the county not liable; by a vote of 6 to 0 the jury found defendant Ryerson 100% liable. Deliberations had continued approximately four hours; the verdict was reported approximately an hour before the children were scheduled to arrive at the airport. Ryerson then entered into a stipulation of settlement. Subsequently the plaintiffs moved by order to show cause to set aside the verdict and the settlement, alleging, *inter alia,* that there was improper communications with juror No. 6 who was under pressure to reach a quick verdict so he could meet his children. Plaintiffs claimed that juror No. 6 had been distracted after he was told that his wife had called. One alternate juror also submitted an affidavit in which she said she would have voted to make the county 75% liable. The Trial Judge, anticipating that he might be called as a witness, declined to resolve the matter and it was referred to another Judge who took testimony from the Trial Judge and all of the jurors. The hearing Judge concluded that there was "ample proof that the verdict did not represent the free and voluntary judgment of the jury", commenting that juror No. 6 was under pressure worrying about his "unattended infants * * * in a crime-ridden city, a pressure which * * * was exacerbated by the juror's inability to communicate with his wife". The general rule is that a juror may not impeach his own verdict unless the juror has been subject to outside influence (*Alford v Sventek,* 53 NY2d 743; Richardson, Evidence [Prince, 10th ed], § 407). In the instant case, the record does not include any significant evidence of outside influence which could have affected the jurors in reaching their verdict. The deliberations continued approximately four hours in a case of relative simplicity, and none of the so-called outside pressures could have affected any particular view of the evidence which was before the jurors. Although we do not approve of a juror's ex parte communication with a Judge or any other participant in a trial, the brief conversation here described was far from prejudicial and improper; if anything, it should have helped alleviate the juror's concern about meeting his children since the Trial Judge had assured him that matters could be resolved if the juror but said the word. On the record as a whole there was no prejudice to any party and no meaningful evidence of

outside influence which might have impeached the verdict or the deliberations. Accordingly, there must be a reversal (cf. *Alford v Sventek,* 53 NY2d 743, *supra; People v Boothe,* 81 AD2d 1044, mot for lv to app den 54 NY2d 755). Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.