■ EDWARD C. BEDELL et al., Appellants, v MARY A. HORNICK et al., Defendants, and NICE N EASY GROCERY SHOPPES, INC., Respondent. [666 NYS2d 498] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered June 10, 1996, as, after a jury trial, was in favor of the defendant Nice N Easy Grocery Shoppes, Inc., and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is well established that jurors may not impeach their own verdict (*Alford v Sventek,* 53 NY2d 743; *Snediker v County of Orange,* 89 AD2d 560, *affd* 58 NY2d 647). This principle, however, is subject to two well-known exceptions. First, where an error is made in reporting the verdict, the Trial Judge may, upon the unanimous affidavits or statements of the jurors, correct the judgment to conform to the actual verdict (*see, Rose v Thau,* 45 AD2d 182, 185). Second, where the record demonstrates substantial confusion among the jurors in reaching a verdict, the court must direct a new trial to prevent a miscarriage of justice to the litigants (*see, Pache v Boehm,* 60 AD2d 867, 868).

In the present case, the jury returned a verdict finding that the defendant Nice N Easy Grocery Shoppes, Inc. (hereinafter Nice N Easy), acting through its employees, was negligent, but that Nice N Easy's negligence was not a substantial factor in causing the accident at issue. There is no evidence that the verdict was reported incorrectly or that there was substantial confusion among the jurors in reaching that verdict. Accordingly, there is no reason to order a new trial on the issue of Nice N Easy's negligence. Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.