■ JULIETTE RICHARDS et al., Appellants, v FOREST CITY ENTERPRISES, INC., et al., Defendants, and OTIS ELEVATOR CORP., Respondent. [708 NYS2d 320] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (R. E. Rivera, J.), dated February 22, 1999, which denied their motion pursuant to CPLR 4404 for judgment in their favor as a matter of law against the defendant, Otis Elevator Corp., or, in the alternative, to set aside the jury verdict as against the weight of the evidence and for a new trial, and (2), as limited by their brief, from so much of a judgment of the same court dated April 1, 1999, as, upon a jury verdict, is in favor of the defendant Otis Elevator Corp. and against them dismissing the complaint insofar as asserted against Otis Elevator Corp.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The jury reached a verdict in favor of the defendant Otis Elevator Corp. Thereafter, the plaintiffs moved pursuant to CPLR 4404 (a) for judgment in their favor as a matter of law, or, in the alternative, to set aside the jury verdict and for a new trial. In support of this motion, the plaintiffs submitted affidavits from five of the six jurors that the verdict was the result of mistake. Initially, we reject the plaintiffs' argument that this case involves an inquiry to clarify the jury verdict before the jury was discharged (*see, Sharrow v Dick Corp.,* 86 NY2d 54). The record clearly establishes that the jury was discharged and the court adjourned prior to any allegations of juror confusion or mistake.

It is well settled that absent exceptional circumstances, a juror's affidavit may not be used to attack a jury verdict (*see, Moisakis v Allied Bldg. Prods. Corp.,* 265 AD2d 457; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *McLoughlin v Achilles,* 236 AD2d 524; *Russo v Jess R. Rifkin, D.D.S., P. C.,* 113 AD2d 570). The record is devoid of any evidence of external influence, juror confusion, or ministerial error in reporting the verdict. Consequently, the use of post-discharge juror affidavits to attack the verdict is "patently improper" (*Hoffman v Domenico Bus Serv.,* 183 AD2d 807, 808). Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.