(November 29, 2004)

■ GLORIA ALMESTICA, Appellant, v MARIE COLON, Respondent, et al., Defendant. [785 NYS2d 522]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ambrosio, J.), dated May 5, 2003, which granted the motion of the defendant Marie Colon to enforce a stipulation, in effect, limiting any award of damages against her to $25,000, (2) a judgment of the same court (Barasch, J.), entered July 14, 2003, which, upon a jury verdict, is in favor of that defendant and against her, in effect, dismissing the complaint insofar as asserted against her, and (3) an order of the same court (Barasch, J.), dated September 4, 2003, which denied her motion pursuant to CPLR 4404 (a) to set aside the verdict as inconsistent and against the weight of the evidence, for judgment in her favor as a matter of law, or alternatively, for a new trial.

Ordered that the appeal from the order dated May 5, 2003, is dismissed; and it is further,

Ordered that the judgment entered July 14, 2003, and the order dated September 4, 2003, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order dated May 5, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured when the respondent's vehicle, in

which she was a passenger, collided with a vehicle driven by the defendant Delano Dorsaint in a parking lot. Dorsaint admitted that he pulled out of a parking space without looking. After a trial, the jury found that the respondent was negligent, but that her negligence was not a proximate cause of the accident. The plaintiff contends that the verdict was inconsistent and against the weight of the evidence.

"A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi,* 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *see El-Shafaie v Verma,* 2 AD3d 394 [2003]; *Hernandez v Baron,* 248 AD2d 440 [1998]). In this case, the jury verdict finding that the respondent was negligent but that her negligence was not a proximate cause of the accident was not against the weight of the evidence (*see Potter v Korfhage,* 240 AD2d 717 [1997]; *Schaefer v Guddemi, supra; Rubin v Pecoraro, supra*).

In light of our determination, we do not reach the plaintiff's remaining contention regarding the enforcement of a stipulation on the issue of damages. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.