424

■ RUSSELL PORTER et al., Appellants, v THOMAS H. MIL-
HORAT et al., Respondents. [809 NYS2d 210]—

In an action, inter alia, to recover damages for medical mal-
practice, etc., the plaintiffs appeal, as limited by their brief,
from so much of an order of the Supreme Court, Kings County
(Patterson, J.), dated February 26, 2004, as denied their motion
pursuant to CPLR 4404 to set aside a jury verdict on the issue
of damages on the ground of juror confusion and for a new trial
of the issue of damages, or in the alternative, for an additur.

Ordered that the order is reversed insofar as appealed from,
on the law and the facts, the motion is granted, and a new trial
is granted on the issue of damages only.

Jurors may not impeach their own verdict (*see Moisakis v Al-
lied Bldg. Prods. Corp.*, 265 AD2d 457 [1999]; *Bedell v Hornick*,
245 AD2d 538 [1997]). This principle, however, is subject to two
well-known exceptions. First, where an error is made in report-
ing the verdict, the trial judge may, upon the unanimous af-
fidavits or statements of the jurors, correct the judgment to
conform to the actual verdict (*see Moisakis v Allied Bldg. Prods.
Corp., supra*; *Bedell v Hornick, supra*; *Rose v Thau*, 45 AD2d
182 [1974]). Second, where the record demonstrates substantial
confusion among the jurors in reaching a verdict, the court
must direct a new trial to prevent a miscarriage of justice to the
litigants (*see Moisakis v Allied Bldg. Prods. Corp., supra*; *Bedell
v Hornick, supra*; *Pache v Boehm*, 60 AD2d 867 [1978]).

In the present case, the jury initially returned a verdict find-
ing that the defendant Thomas Milhorat was negligent in his
performance of surgery on the plaintiff Russell Porter and that
as a result of such negligence, Russell Porter sustained a shoul-
der injury. The jury awarded no past damages but $720,000 for
future damages, in contradiction to the instructions on the
verdict sheet requiring it to stop filling out the verdict sheet if
it did not award past damages. The trial court directed the jury
to complete the sheet again, and this time it awarded no past
damages and stopped. As the jury was being discharged, the
foreman questioned the trial court regarding the rest of the
pages of the verdict sheet, which had been left blank. The
plaintiffs moved to set aside the verdict on the ground, inter
alia, of juror confusion, submitting affidavits of several jurors
who indicated that the jury intended to award the plaintiff Rus-
sell Porter $720,000 for past and future damages.

There was substantial confusion among the jurors in reaching their verdict on the issue of damages. The juror affidavits which should have been considered by the trial court in deciding the plaintiffs' post-trial motion further support a finding of juror confusion. Accordingly, the plaintiffs are entitled to a new trial on the issue of damages only.

The plaintiffs' remaining contentions are either not properly before this Court, have been rendered academic in light of our determination, or are without merit. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.