MARVA BOOTHE, Respondent-Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants-Respondents, et al., Defendants. [890 NYS2d 54]—

In the course of deliberations, the jury advised the trial court that it had finished its deliberations and reached a verdict. In fact, it had failed to respond to two of the special interrogatories in support of a general verdict; one concerning whether the bus driver's negligence was a substantial factor in causing the accident, and the other apportioning fault among defendants. Without fully informing counsel of the specific omissions and without making a record, the court directed the jury to complete the verdict sheet. The jury then returned a verdict against both sets of defendants, apportioning fault 40% against the MAB-STOA defendants, who appeal. Although not mandated by statute in civil proceedings, the rationale for the requirement in criminal proceedings that counsel be given an opportunity to be heard when the jury requests additional information or instruction (*see People v O'Rama*, 78 NY2d 270, 276-277 [1991] [such opportunity is essential to counsel's ability to represent client's

best interests and protect client's constitutional and statutory rights at critical postsubmission proceedings that may well be determinative of the outcome]) is no less applicable to civil proceedings where there is indication of jury confusion (*see Cortes v Edoo*, 228 AD2d 463, 466 [1996]). Here, although the jury did not specifically request additional information or instruction, it returned a verdict which disregarded clear instructions on the verdict sheet. By failing to provide counsel with an opportunity to be heard, the court may have inadvertently influenced the verdict. Counsel should have been afforded the opportunity to request that the court adopt a different course, such as making further inquiry of the jury or repeating the court's charge on substantial factor. Since there is no transcript of the court's comments to the jury, it cannot be determined whether such comments may have influenced the verdict.

Finally, we find no grounds to reduce the jury award on damages and reinstate that verdict subject to the new trial on liability. Concur—Mazzarelli, J.P., Andrias, Saxe, Catterson and Acosta, JJ.