■ SEAMUS BODGE, Appellant, v RED HOOK SENIOR HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents. [926 NYS2d 298]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Wood, J.), entered June 18, 2010, as, after the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) and, upon a jury verdict, is in favor of the defendants and against him dismissing his cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 4401, "[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue." At the time the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1), the defendants had not completed their case. Therefore, the plaintiff's motion was premature, and the plaintiff never renewed his motion (*see DeWall v Owl Homes of Victor*, 213 AD2d 977 [1995]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4401:4, C4401:5).

The plaintiff's contention that the jury's verdict is inconsis-

tent is not preserved for appellate review, since he did not raise that issue before the jury was discharged (*see Rivera v MTA Long Is. Bus*, 45 AD3d 557, 557-558 [2007]; *Delacruz v Galaxy Elecs.*, 300 AD2d 278 [2002]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.