■ Ki Tak Song, Appellant, v Daniel Oizumi et al., Respondents. [990 NYS2d 639]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), entered June 7, 2012, which, upon a jury verdict in favor of the defendants and against him, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff allegedly was injured when the vehicle which he was driving was struck in the rear by a vehicle owned by the defendant Yoko Oizumi and driven by the defendant Daniel Oizumi. After a trial, the jury returned a verdict finding that, while the defendants were negligent, their negligence was not a substantial factor in causing the accident.

After the jury was discharged, the court informed the parties that the verdict read into the record was based on a second copy of the verdict sheet that the court had given to the jury. The court told the parties that it provided the jury with the second copy after the court was told by a court officer that the jury had made a mistake. The court explained to the parties that the jury was "scratching out on the first page." The court informed the parties that it had directed the court officer to let the members of the jury "all initial what [sic] mistake they made" and gave the court officer a new verdict sheet to give to the jury. Prior to doing so, the court did not convene the jury. Instead, without advising counsel or otherwise seeking counsels' input as to the procedures to be employed, the court conveyed instructions to the jury through the court officer, who delivered the second copy of the verdict sheet to the jury.

The plaintiff appeals, contending, in effect, that the judgment should be reversed as the first verdict sheet evidences that the verdict upon which the judgment was granted was the product of jury confusion and is inherently inconsistent as a matter of law. We agree and remit the matter to the Supreme Court, Kings County, for a new trial.

As an initial matter, the defendants' contention that the plaintiff failed to preserve for appellate review his argument that the jury's verdict was inconsistent is without merit, as the court failed to inform counsel as to the problems with the first verdict sheet prior to the close of the trial and the jury being discharged (cf. Bodge v Red Hook Senior Hous. Dev. Fund Co., Inc., 85 AD3d 1073, 1074 [2011]).

Contrary to the court's description, the record also shows that the first verdict sheet contains more than just a "scratching out" on the first page. Rather, in connection with question number one, "Were the defendants negligent?" there is a handwritten "x" next to the response "Yes" and a handwritten check mark that is crossed out next to the response "No." In addition, each juror's initials appear next to that crossed out check mark. Also, below those responses there appears to be a crossed out signature on one of the six signature lines; no other signature appears. Neither the jurors' initials nor their signatures appear anywhere else on the verdict sheet. However, there are responses to each of the next several questions. With respect to question number two, "Was the negligence of the defendants a substantial factor in causing the accident?" there is a handwritten "x" next to the response "No." Although the verdict sheet indicates that, if the members of the jury answered "no," to this question, their deliberations should end, the next three questions contain handwritten responses including question number five, which states, "State the percent of negligence attributed to each party." The handwritten response allocates 20% of the fault for the happening of the accident to the defendants despite the earlier response that the defendants' negligence was not a substantial factor in causing the accident (see Palmer v Walters, 29 AD3d 552, 553 [2006]; Cortes v Edoo, 228 AD2d 463, 465-466 [1996]).

Although the jury's second verdict sheet was internally consistent (see Palmer v Walters, 29 AD3d at 553), the first verdict sheet indicates that the jury may have been confused as to the meanings of "substantial factor" and "fault" (id.). The court erred in failing to either direct reconsideration by the jury before providing the second verdict sheet to them or to direct a new trial (see CPLR 4111 [c]; Palmer v Walters, 29 AD3d at 553; Ledogar v Forbes, 84 AD3d 749, 751 [2011]; Cortes v Edoo, 228 AD2d at 465-466) as there is no evidence that the jury exercised its right to " 'substantively alter its original [verdict] so as to conform to its real intention' " (Palmer v Walters, 29 AD3d at 553, quoting Ryan v Orange County Fair Speedway, 227 AD2d 609, 611 [1996]). Even if the parties had known of, or consented

to, the court's instruction to the members of the jury, via the court officer, to initial their mistake on the first verdict sheet (*see e.g. Boothe v Manhattan & Bronx Surface Tr. Operating Auth.*, 68 AD3d 513, 513-514 [2009]), the members of the jury initialed neither their response of "no" to the question regarding whether the defendants' negligence was a substantial factor in causing the accident nor their response allocating 20% of the fault for the happening of the accident to the defendants (*see Palmer v Walters*, 29 AD3d at 553). As the record does not evidence that the members of the jury recognized the inconsistency in their responses on the first verdict sheet, the court erred in failing to direct the jury to reconsider its original verdict before giving the second verdict sheet to the jury.

Accordingly, the judgment must be reversed and a new trial ordered.

In view of our determination, we do not reach the plaintiff's remaining contention that the verdict was against the weight of the evidence. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.