■ Young Mee Oh et al., Appellants, v Raymond H. Koon, Respondent. [35 NYS3d 116]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Butler, J.), entered June 23, 2015, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in favor of the defendants and for a new trial on the ground that the verdict was the product of juror confusion or as contrary to the weight of the evidence.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 4404 (a), a trial court has the discretion to set aside a jury verdict and grant a new trial where the verdict is clearly the product of substantial confusion among the jurors (*see Ki Tak Song v Oizumi*, 120 AD3d 557, 558 [2014]; *Ledogar v Forbes*, 84 AD3d 749, 751 [2011]; *Kevii v Cenname*, 21 AD3d 1061, 1062 [2005]; *Kinney v Taylor*, 305 AD2d 466, 467 [2003]). The confusion must be apparent from the trial record (*see Porter v Milhorat*, 26 AD3d 424, 424 [2006]; *Moisakis v Allied Bldg. Prods. Corp.*, 265 AD2d 457 [1999]; *Wylder v Viccari*, 138 AD2d 482 [1988]; *see also Cortes v Edoo*, 228 AD2d 463, 466 [1996]).

Absent exceptional circumstances, a juror's affidavit may not be used to attack a jury verdict (*see Richards v Forest City Enters.*, 272 AD2d 462 [2000]; *Moisakis v Allied Bldg. Prods. Corp.*, 265 AD2d at 457). The use of post-discharge juror affidavits to attack the verdict is "patently improper" where the record is devoid of any evidence of external influence, juror confusion, or ministerial error in reporting the verdict (*Richards v Forest City Enters.*, 272 AD2d at 463 [internal quotation marks omitted]; *see Hoffman v Domenico Bus Serv.*, 183 AD2d 807, 808 [1992]).

Here, the plaintiffs acknowledged that the jury was properly charged and there was absolutely no evidence on the record of any juror confusion regarding any issue related to the Supreme Court's instructions. It is undisputed that the jurors never requested a read-back of any portion of the court's instructions. Under these circumstances, the use of juror affidavits in an attempt to attack the verdict is patently improper (*see Richards v Forest City Enters.*, 272 AD2d at 462; *Hoffman v Domenico Bus Serv.*, 183 AD2d at 808).

"[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Corcoran v People's Ambulette Serv.*, 237 AD2d 402, 403 [1997]; *see Costa v Lopez*, 120 AD3d 607, 607 [2014]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). " 'When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Scalogna v Osipov*, 117 AD3d 934, 935 [2014], quoting *Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615, 616 [2008]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Scalogna v Osipov*, 117 AD3d at 935). "A jury may believe or

disbelieve the testimony of a witness, or believe portions of the testimony and disbelieve others" (*id.*). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Ruggiero v Weth*, 122 AD3d 828, 829 [2014]; *Almestica v Colon*, 12 AD3d 627 [2004]).

Here, it cannot be said that the jury's verdict, which found that the defendant was negligent but that his negligence was not a substantial factor in causing the accident, could not have been reached on any fair interpretation of the evidence (*see Scalogna v Osipov*, 117 AD3d at 935; *Almestica v Colon*, 12 AD3d at 627).

Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial on the ground that it was the product of juror confusion or as contrary to the weight of the evidence. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.