Wright v City of New York (2019 NY Slip Op 00495)





Wright v City of New York


2019 NY Slip Op 00495


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-09527
 (Index No. 20673/09)

[*1]Linda Gilmore Wright, appellant, 
v
City of New York, respondent.


Paris & Chaikin, PLLC (The Altman Law Firm, PLLC, New York, NY [Michael T. Altman], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon, Benjamin Welikson, and Eric Lee of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated April 21, 2016. The order, insofar as appealed from, denied the plaintiff's motion to reinstate the second jury verdict after trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the City of New York to recover damages for personal injuries she alleges she sustained when a tree branch fell and struck her. The complaint alleges that the City was negligent with respect to the maintenance and pruning of the tree. After a jury trial, the jury, by its foreperson, indicated that it had reached a verdict, but had "a question" (hereinafter the jury question). After inquiry, the Supreme Court determined that the jury question pertained to something other than the jury's answers to the three special verdict questions and took the verdict, whereby the jury found that although the City had prior actual or constructive notice of a dead or decaying tree limb or branch and was negligent, the City's negligence was not a substantial factor in causing the accident. The jury was polled and each of the jurors confirmed this was his or her verdict.
Subsequently, the Supreme Court brought the foreperson, along with counsel, into chambers to discuss the jury question, and it became clear that the jury question did directly pertain to the verdict and, specifically, to the third question on the special verdict sheet regarding whether the City's negligence was a substantial factor in causing the accident. Based upon the manifest evidence of juror confusion, the court, over the objections of the City, re-charged the jury and directed the jury to resume deliberations. The jury returned with a second verdict, finding that the City had prior actual or constructive notice of a dead or decaying tree limb or branch, was negligent, and that the City's negligence was a substantial factor in causing the accident. The jury was polled and the second verdict confirmed. When the parties returned to court to begin the damages phase of the trial, the court informed the parties that it would not permit either verdict to stand, declared a mistrial, discharged the jury, and set the matter down for a new trial. The plaintiff thereafter moved to reinstate the second jury verdict but the court, inter alia, denied the motion and held that both verdicts reached by the jury were tainted by confusion and misunderstanding of the law. The [*2]plaintiff appeals. We affirm.
Pursuant to CPLR 4404(a), a trial court has the discretion to set aside a jury verdict and grant a new trial where the verdict is clearly the product of substantial confusion among the jurors (see Young Mee Oh v Koon, 140 AD3d 861, 862; Ki Tak Song v Oizumi, 120 AD3d 557, 558). The confusion must be apparent from the trial record (see Porter v Milhorat, 26 AD3d 424, 424; Moisakis v Allied Bldg. Prods. Corp., 265 AD2d 457). Here, the Supreme Court providently exercised its discretion in setting aside the second verdict in this case, as the verdict was clearly the product of substantial confusion among the jurors. Accordingly, we affirm the order insofar as appealed from for the reasons articulated by the trial court.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court