Grivas v MTA Bus Co. (2022 NY Slip Op 03099)

Grivas v MTA Bus Co.

2022 NY Slip Op 03099

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-03197
 (Index No. 701964/17)

[*1]Chrysanthe Grivas, appellant, 
v
MTA Bus Company, et al., respondents.

Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for appellant.
Krez & Flores, LLP, New York, NY (William J. Blumenschein of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered March 2, 2020. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as inconsistent, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she fell shortly after boarding a bus owned and operated by the defendants. The plaintiff commenced this action against the defendants alleging, inter alia, that the bus operator negligently, suddenly, and without warning, accelerated the bus causing her to fall and sustain serious personal injuries. After trial, the jury found that the defendants were negligent, but that their negligence was not a substantial factor in causing the plaintiff's fall. Thereafter, the Supreme Court denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as inconsistent. A judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
The plaintiff's contention that the jury's verdict was inconsistent is unpreserved for appellate review, as she failed to object to the verdict on that ground before the jury was discharged (see Barry v Manglass, 55 NY2d 803, 806; Kohler v Barker, 147 AD3d 1037).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Young Mee Oh v Koon, 140 AD3d 861, 862). "It is for the jury to make determinations as to credibility of witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see Niebles v MTA Bus Co., 110 AD3d 1047, 1048). Here, contrary to the plaintiff's contention, the jury's verdict that the defendants were negligent but that their negligence was not a substantial factor in causing the plaintiff's fall was not contrary to the weight of the evidence (see [*2]Niebles v MTA Bus Co., 110 AD3d at 1048).
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court