Guaman v One Whitehall, L.P. (2022 NY Slip Op 06790)

Guaman v One Whitehall, L.P.

2022 NY Slip Op 06790

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-10534
 (Index No. 12247/11)

[*1]Galo Guaman, appellant,
v
One Whitehall, L.P., et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary and Christopher W. Drake of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Robert F. McCarthy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered July 11, 2019. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained to his lower back, neck, left shoulder, and left hand as a result of a construction-related accident that occurred on April 12, 2011. The evidence at the trial on the issue of damages demonstrated that, while the plaintiff was treated for an injury to his hand on April 12, 2011, he did not seek treatment for injuries to his shoulder, back, or neck until May 2011. The evidence also demonstrated that in November 2011, the plaintiff fell down some stairs in his home, which caused him to suffer additional injuries to his head and back, among others, requiring a prolonged hospitalization. The jury returned a verdict awarding the plaintiff damages in the principal sums of $200,000 for past pain and suffering and $3,000 for past medical expenses. The jury awarded no damages for future pain and suffering or future medical expenses.
The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages, contending, inter alia, that the verdict as to future pain and suffering and future medical expenses was based upon juror confusion. In support, the plaintiff submitted an affidavit of one of the jurors who stated that the jury was confused by the Supreme Court's instructions in response to a jury note as to what evidence of the plaintiff's medical damages could be considered during deliberations. In an order entered July 11, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
"Pursuant to CPLR 4404(a), a trial court has the discretion to set aside a jury verdict and grant a new trial where the verdict is clearly the product of substantial confusion among the [*2]jurors" (Wright v City of New York, 168 AD3d 1025, 1026; see Young Mee Oh v Koon, 140 AD3d 861, 862). "The confusion must be apparent from the trial record" (Wright v City of New York, 168 AD3d at 1026; see Young Mee Oh v Koon, 140 AD3d at 862). "Absent exceptional circumstances, a juror's affidavit may not be used to attack a jury verdict" (Young Mee Oh v Koon, 140 AD3d at 862; see Selzer v New York City Tr. Auth., 100 AD3d 157, 164). "The use of post-discharge juror affidavits to attack the verdict is 'patently improper' where the record is devoid of any evidence of external influence, juror confusion, or ministerial error in reporting the verdict" (Young Mee Oh v Koon, 140 AD3d at 862, quoting Richards v Forest City Enters., 272 AD2d 462, 463).
Here, there is no evidence in the trial record that the verdict as to future pain and suffering and future medical expenses was clearly the product of substantial confusion among the jurors related to the Supreme Court's instructions in response to the jury note (see Young Mee Oh v Koon, 140 AD3d at 862; Casella v City of New York, 69 AD3d 549, 550; Kinney v Taylor, 305 AD2d 466, 467). The trial record reflects that, after the court received a jury note requesting documents from one of the plaintiff's medical visits, the court instructed the jury that the documents had not been admitted into evidence and should be disregarded, and that the jury should "use [its] recollection." A juror asked if that meant that the jury "can't use the referenced events" from that medical visit, to which the court replied, "No. I said the documents are not in evidence. That's all. I can't give you the documents." The court then clarified that "[t]he record [of the medical visit] is not in evidence," but that "[t]estimony that was given in court under oath is evidence," and that it was the jury's "job to recall the testimony and to use it accordingly." No subsequent notes or concerns with regard to this evidence were received from the jury. Under these circumstances, the plaintiff's use of a juror affidavit in an attempt to attack the verdict was improper (see Young Mee Oh v Koon, 140 AD3d at 862).
Moreover, the jury's verdict was not otherwise inadequate or contrary to the weight of the evidence. A jury verdict on the issue of damages should not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of the movant that the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Grivas v MTA Bus Co., 205 AD3d 776, 777). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Young Mee Oh v Koon, 140 AD3d at 862 [internal quotation marks omitted]; see Grivas v MTA Bus Co., 205 AD3d at 777). "It is for the jury to make determinations as to credibility of witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Young Mee Oh v Koon, 140 AD3d at 862 [internal quotation marks omitted]; see Grivas v MTA Bus Co., 205 AD3d at 777).
Here, the jury's verdict on the issue of damages was based on a fair interpretation of the evidence at trial. Among other evidence, the defendants presented expert witness testimony demonstrating that, by October 2011, the plaintiff had fully recovered from the claimed injury to his finger, and that the plaintiff's continuing complaints of finger, back, neck, and shoulder pain were related to his fall in November 2011 and not the April 12, 2011 construction accident. Thus, the jury's verdict was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746; Grivas v MTA Bus Co., 205 AD3d at 777; Young Mee Oh v Koon, 140 AD3d at 862; see also Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658).
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court