Gleneida Med. Care, P.C. v DBG Mgt. Corp. (2025 NY Slip Op 02323)

Gleneida Med. Care, P.C. v DBG Mgt. Corp.

2025 NY Slip Op 02323

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-07506
2022-09788
2022-10437
 (Index No. 2826/17)

[*1]Gleneida Medical Care, P.C., et al., appellants,
v
DBG Management Corporation, defendant, Louis Campbell, respondent.

The Kaplan Law Office, New York, NY (Charles Caranicas of counsel), for appellants.
Louis Campbell, Pawling, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated May 2, 2022, (2) an order of the same court dated September 22, 2022, and (3) an amended order of the same court dated October 30, 2022. The order dated May 2, 2022, insofar as appealed from, granted that branch of the motion of the defendant Louis Campbell which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of apportionment of liability and for a new trial on that issue. The amended order dated October 30, 2022, denied the plaintiffs' motion for leave to renew and reargue their opposition to that branch of the motion of the defendant Louis Campbell which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of apportionment of liability and for a new trial on that issue.
ORDERED that the order dated May 2, 2022, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Louis Campbell which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of apportionment of liability and for a new trial on that issue is denied, and the jury verdict on the issue of apportionment of liability is reinstated; and it is further,
ORDERED that the appeal from the order dated September 22, 2022, is dismissed, as that order was superseded by the amended order dated October 30, 2022; and it is further,
ORDERED that the appeal from so much of the amended order dated October 30, 2022, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the amended order dated October 30, 2022, as denied that branch of the plaintiffs' motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated May 2, 2022; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In December 2017, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against Louis Campbell, the majority shareholder of DBG Management Corporation. Thereafter, the plaintiffs amended the complaint to add DBG Management Corporation as a defendant. After a jury trial, the jury, in effect, found Campbell 100% liable to the plaintiffs and awarded the plaintiffs the sum of $290,100.33. Thereafter, Campbell moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of apportionment of liability and for a new trial on that issue. In an order dated May 2, 2022, the Supreme Court, inter alia, granted that branch of Campbell's motion. The plaintiffs subsequently moved for leave to renew and reargue their opposition to that branch of Campbell's motion which was to set aside the jury verdict on the issue of apportionment of liability and for a new trial on that issue. In an amended order dated October 30, 2022, the court denied the plaintiffs' motion. The plaintiffs appeal.
"It has long been the law that, with narrow exceptions, jury verdicts may not be impeached by probes into the jury's deliberative process" (Khaydarov v AK1 Group, Inc., 173 AD3d 721, 722, quoting Russo v Mignola, 142 AD3d 1064, 1066). Further, "jurors may not impeach their own verdict unless they have been subjected to outside influence" (Moisakis v Allied Bldg. Prods. Corp., 265 AD2d 457, 457; see Young Mee Oh v Koon, 140 AD3d 861, 862; Porter v Milhorat, 26 AD3d 424, 424). This principle, however, is subject to two exceptions. First, "where an error is made in reporting the verdict, the trial judge may, upon the unanimous affidavits or statements of the jurors, correct the judgment to conform to the actual verdict" (Porter v Milhorat, 26 AD3d at 424). Second, "where the record demonstrates substantial confusion among the jurors in reaching a verdict, the court must direct a new trial to prevent a miscarriage of justice to the litigants" (id.; see Guaman v One Whitehall, L.P., 210 AD3d 1060, 1060-1061). However, "[t]he use of post-discharge juror affidavits to attack the verdict is 'patently improper' where the record is devoid of any evidence of external influence, juror confusion, or ministerial error in reporting the verdict" (Young Mee Oh v Koon, 140 AD3d at 862, quoting Richards v Forest City Enters., 272 AD2d 462, 463 [internal quotation marks omitted]; see Guaman v One Whitehall, L.P., 210 AD3d at 1061).
Here, Campbell sought to set aside the jury verdict on the issue of apportionment of liability based upon post-discharge affidavits from two jurors indicating that the jury was confused regarding the apportionment of liability. However, the trial record is devoid of any evidence of juror confusion regarding the issue of apportionment of liability, and thus, the use of post-discharge affidavits from jurors to attack the verdict is patently improper (see Guaman v One Whitehall, L.P., 210 AD3d at 1061; Young Mee Oh v Koon, 140 AD3d at 862). Accordingly, the Supreme Court should have denied that branch of Campbell's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of apportionment of liability and for a new trial on that issue.
In light of our determination, the plaintiffs' remaining contentions have been rendered academic.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court