Perchuk v Narod
2026 NY Slip Op 03009
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Beth Johnston Perchuk, appellants,
v
Randy Narod, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-09261, 2025-07644, (Index No. 612968/17)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Schwartz, Conroy & Hack, P.C., Garden City, NY (Matthew J. Conroy of counsel), for appellants.
Abrams Fensterman, LLP, Lake Success, NY (Alex Leibson, Lisa Colosi Florio, and Steven Still of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered July 9, 2024, and (2) a judgment of the same court dated July 19, 2024. The order granted the plaintiffs' motion pursuant to CPLR 5001 to fix prejudgment interest in the sum of $20,667.10. The judgment, upon a jury verdict, is in favor of the plaintiff Beth Johnston Perchuk and against the defendant Randy Narod in the total sum of only $57,967.10.
ORDERED that the appeal from the order is dismissed, as the plaintiffs are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal by the plaintiff IWLA, Inc., from the judgment is dismissed, as it is not aggrieved by the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the judgment is affirmed on the appeal by the plaintiff Beth Johnston Perchuk; and it is further,
ORDERED that one bill of costs is awarded to the defendant Randy Narod.
In March 2015, the plaintiff Beth Johnston Perchuk and the defendant Randy Narod (hereinafter the defendant) entered into a shareholder agreement, wherein a portion of Perchuk's stocks in the plaintiff IWLA, Inc. (hereinafter IWLA), were transferred to the defendant. Thereafter, Perchuk and the defendant entered into a Partnership Agreement Addendum (hereinafter the addendum agreement), wherein the defendant, in exchange for certain sales rights and revenue shares, agreed to pay Perchuk the sum of $3,000 per week. The defendant paid Perchuk that weekly sum until on or about August 12, 2016. In September 2016, the defendant surrendered his shares in IWLA back to Perchuk.
In November 2017, Perchuk and IWLA commenced this action against, among others, the defendant, inter alia, to recover damages for breach of contract, alleging that the defendant breached his obligation under the addendum agreement to pay Perchuk the sum of $3,000 per week.
After a jury trial, five of the six members of the jury found that the defendant breached the addendum agreement and that Perchuk was entitled to an award of damages in the sum of $36,000. After the jury was discharged, the plaintiffs made an oral application, in effect, to set aside the verdict on the issue of damages as the result of a miscalculation or as contrary to the weight of the evidence. The trial court denied the oral application.
The Supreme Court entered a judgment dated July 19, 2024, in favor of Perchuk and against the defendant in the total sum of $57,967.10. These appeals ensued.
"[T]he correction of a jury verdict may be appropriate in those exceptional situations where it is clear that there has been a mere ministerial error in reporting the verdict" (Scaduto v Suarez, 150 AD2d 545, 547; see Gleneida Med. Care, P.C. v DBG Mgt. Corp., 237 AD3d 1057, 1059). An error is not "ministerial" where "the thought process of the jurors must be examined in order to determine their true intent" (McStocker v Kolment, 160 AD2d 980, 981; see Moisakis v Allied Bldg. Prods. Corp., 265 AD2d 457, 458). Here, contrary to Perchuk's contention, there is no indication in the record that the jury's verdict on the issue of damages was the result of a ministerial or clerical error. To the contrary, the jurors were polled and confirmed their award. Any further inquiry would have required an intrusion into the jurors' deliberative process (see Moisakis v Allied Bldg. Prods. Corp., 265 AD2d at 458; McStocker v Kolment, 160 AD2d at 981).
Further, to the extent Perchuk contends that the jury verdict was internally inconsistent, that contention is unpreserved for appellate review, because she failed to object to the verdict on that basis prior to the discharge of the jury (see Barry v Manglass, 55 NY2d 803, 806; Freed v Best, 203 AD3d 1143, 1145; Rozmarin v Sookhoo, 172 AD3d 1415, 1417).
"[A] jury verdict on the issue of damages should not be set aside as contrary to the weight of the evidence unless . . . the jury could not have reached the verdict by any fair interpretation of the evidence" (Guaman v One Whitehall, L.P., 210 AD3d 1060, 1061; see Lapera v Cee-Jay Real Estate Dev. Corp., 232 AD3d 589, 591). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Young Mee Oh v Koon, 140 AD3d 861, 862 [internal quotation marks omitted]; see Guaman v One Whitehall, L.P., 210 AD3d at 1062). Here, a reasonable jury could have weighed the conflicting evidence and found that Perchuk would be made whole by the award of damages in the sum of $36,000 (see Lapera v Cee-Jay Real Estate Dev. Corp., 232 AD3d at 594; Zorm Trans Corp. v Woodside Mgt., Inc., 110 AD3d 1061, 1062; Johnny's Plumbing & Heating, Inc. v Garson Bros. Const., LLC, 63 AD3d 689, 689). Thus, contrary to Perchuk's contention, the verdict on the issue of damages was not contrary to the weight of the evidence.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court